UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JOHNSON, | No. 1:15-cv-01771 JLT (HC) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | **ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT** |
| DIRECTOR OF CORRECTIONS, | |
| Respondent. | **ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY** |

Petitioner was serving a prison term at Corcoran State Prison on June 1, 2013, when he indecently exposed himself to a female correctional officer. On November 18, 2013, Petitioner was convicted of indecent exposure in the Kings County Superior Court and sentenced to a term of 8 years to be served consecutively to his current sentence. In this action, Petitioner claims the conviction is invalid because the statute requires that the indecent exposure take place in a public place, and Petitioner's cell is not a public place. He also claims there was insufficient evidence to support the charges as well as the prior convictions. He further claims his appellate counsel was ineffective in failing to raise these issues on appeal. The Court disagrees and **DENIES** the petition.[1]

**I.      PROCEDURAL HISTORY**

Petitioner is in custody of the California Department of Corrections and Rehabilitation

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

serving a thirty year plus eight year term for multiple convictions for indecent exposure.

Petitioner appealed the instant conviction to the California Court of Appeal, Fifth Appellate District ("Fifth DCA").  People v. Johnson, 2015 WL 2250388, at *1 (Cal. Ct. App. May 12, 2015) (unpublished), *review denied* (July 22, 2015).  Appellate counsel could find no arguable issues on appeal and therefore filed a Wende[2] brief.  Petitioner filed a supplemental brief raising his claims.  The Fifth DCA affirmed the conviction in a reasoned decision.  Id.  Petitioner filed a petition for review in the California Supreme Court and the petition was summarily denied.

On November 23, 2015, Petitioner filed a Petition for Writ of Habeas Corpus in this Court.  (Doc. No. 1).  Respondent filed an answer on February 1, 2016.  (Doc. No. 12).  Petitioner filed a Traverse on February 22, 2016.

## II. FACTUAL BACKGROUND

The Court adopts the Statement of Facts in the Fifth DCA's unpublished decision[3]:

> On the day in question, Correctional Officer Tiffany Vega was on duty in the control booth for the security housing unit (SHU) at California State Prison, Corcoran. Johnson was an inmate in the SHU. In the course of performing her duties, Vega noticed a light flickering in Johnson's unit. Vega observed Johnson through the window of his cell door. Johnson was masturbating his erect penis while looking directly at her. It appeared to Vega that Johnson was standing on his toilet so she could see his pubic area. Vega stayed out of Johnson's line of sight as much as possible. However, when her duties required her to be visible to Johnson, she could see he had not changed either his position or his activity. This went on for a period of approximately 20 minutes.
>
> Johnson was charged with one count of violation of section 314, subdivision (1). In addition the information alleged Johnson had suffered several prior convictions for the same offense, resulting in this offense becoming a felony.
>
> Johnson acted as his own counsel after the trial court granted his motion pursuant to *Faretta v. California* (1975) 422 U.S. 806. Johnson waived his right to a jury trial. Vega was the only witness to testify. Johnson essentially admitted his prior convictions, although the People presented evidence to support the allegation. The trial court found Johnson guilty, found the prior conviction allegation true, and sentenced him to one-third of the midterm of eight months in prison, to run consecutively to the sentence he was serving.

---

[2] People v. Wende, 25 Cal.3d 436 (1979) (A procedure utilized by appellate counsel when no arguable issues can be determined, whereby the appellate court conducts a review of the case to determine if any arguable issues exist).

[3] The Fifth DCA's summary of facts in its unpublished opinion is presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1). Therefore, the Court will rely on the Fifth DCA's summary of the facts.  Moses v. Payne, 555 F.3d 742, 746 (9th Cir. 2009).

Johnson, 2015 WL 2250388, at *1.

### III. DISCUSSION

#### A. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. The challenged conviction arises out of the Kings County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C.§ 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997) (holding the AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

#### B. Legal Standard of Review

A petition for writ of habeas corpus under 28 U.S.C. § 2254(d) will not be granted unless the petitioner can show that the state court's adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams, 529 U.S. at 412-413.

A state court decision is "contrary to" clearly established federal law "if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or "if it confronts a set of facts that is materially indistinguishable from a [Supreme Court] decision but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005), citing Williams, 529 U.S. at 405-406 (2000).

3

In <u>Harrington v. Richter</u>, 562 U.S. ___ , 131 S.Ct. 770 (2011), the U.S. Supreme Court explained that an "unreasonable application" of federal law is an objective test that turns on "whether it is possible that fairminded jurists could disagree" that the state court decision meets the standards set forth in the AEDPA. The Supreme Court has "said time and again that 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" <u>Cullen v. Pinholster</u>, 131 S.Ct. 1388, 1410-1411 (2011). Thus, a state prisoner seeking a writ of habeas corpus from a federal court "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." <u>Harrington</u>, 131 S.Ct. at 787-788.

The second prong pertains to state court decisions based on factual findings. <u>Davis v. Woodford</u>, 384 F.3d at 637, citing <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003). Under § 2254(d)(2), a federal court may grant habeas relief if a state court's adjudication of the petitioner's claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." <u>Wiggins v. Smith</u>, 539 U.S. at 520; <u>Jeffries v. Wood</u>, 114 F.3d at 1500. A state court's factual finding is unreasonable when it is "so clearly incorrect that it would not be debatable among reasonable jurists." <u>Id.</u>; see <u>Taylor v. Maddox</u>, 366 F.3d 992, 999-1001 (9th Cir. 2004), <u>cert.denied</u>, <u>Maddox v. Taylor</u>, 543 U.S. 1038 (2004).

To determine whether habeas relief is available under § 2254(d), the federal court looks to the last reasoned state court decision as the basis of the state court's decision. See <u>Ylst v. Nunnemaker</u>, 501 U.S. 979, 803 (1991); <u>Robinson v. Ignacio</u>, 360 F.3d 1044, 1055 (9th Cir. 2004). "[A]lthough we independently review the record, we still defer to the state court's ultimate decisions." <u>Pirtle v. Morgan</u>, 313 F.3d 1160, 1167 (9th Cir. 2002).

The prejudicial impact of any constitutional error is assessed by asking whether the error had "a substantial and injurious effect or influence in determining the jury's verdict." <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 623 (1993); see also <u>Fry v. Pliler</u>, 551 U.S. 112, 119-120 (2007)(holding that the <u>Brecht</u> standard applies whether or not the state court recognized the error

and reviewed it for harmlessness).

## IV. REVIEW OF CLAIMS

The petition presents the following grounds for relief: (1) Petitioner claims the conviction is invalid because the evidence did not establish every element of the offense; (2) There was insufficient evidence supporting the charges; and (3) His appellate counsel was ineffective in failing to present issues on appeal.

### A. Invalid Conviction

Petitioner contends that his conviction for indecent exposure is invalid. He states that the statute requires that the unlawful activity take place in public, but the alleged activity took place in Petitioner's cell which, he claims, is private. Therefore, he contends he was convicted of an offense he did not commit.

Petitioner's claim is without merit and is, indeed, entirely frivolous. He was convicted of Cal. Penal Code § 314 which states,

> Every person who willfully and lewdly, either:
>
> 1. Exposes his person, or the private parts thereof, in any public place, *or in any place where there are present other persons to be offended or annoyed thereby*; or,
>
> 2. Procures, counsels, or assists any person so to expose himself or take part in any model artist exhibition, or to make any other exhibition of himself to public view, or the view of any number of persons, such as is offensive to decency, or is adapted to excite to vicious or lewd thoughts or acts, is guilty of a misdemeanor.

Cal. Penal Code § 314 (emphasis added).

As highlighted above, the indecent exposure is unlawful if it takes place in any public place, "*or in any place where there are present other person to be offended or annoyed thereby.*" The state court determined that his act of indecently exposing himself from his cell to the victim standing outside his cell was within the meaning of the statute. This issue is entirely a matter of interpretation of state law, and generally, issues of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Furthermore, the state court's interpretation of state law is binding on this Court. Clemons v. Mississippi, 494 U.S. 738, 739–740 (1990) (A federal court has no basis for

disputing a state's interpretation of its own law); Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).  The claim will merit consideration only if the state court interpretation of state law is an "obvious subterfuge to evade consideration of a federal issue." Mullaney v. Wilbur, 421 U.S. 684, 691 n. 11 (1975).  Petitioner has not presented any evidence or legal argument supporting a conclusion that the state appellate court's determination was such a subterfuge.

In addition, the claim is clearly without merit.  According to § 314, the act of indecent exposure is unlawful if it occurs in any place where others are present.  It is obvious that Petitioner's act of masturbating in plain view of the victim fits within the definition.  The state court decision was entirely reasonable.  For the foregoing reasons, the claim is **DENIED**.

B.      Insufficient Evidence

Petitioner claims the prosecutor failed to produce any clear or convincing inculpatory evidence, or cite any controlling authorities in support of the charges.  He claims the trial judge allowed the prosecutor to present false charges such as prior convictions and precluded Petitioner from presenting exculpatory evidence.

This claim is completely conclusory and without merit.  First, as noted by the Fifth DCA, the victim's testimony clearly constituted inculpatory evidence and established each element of the cause of action.  Johnson, 2015 WL 2250388, at *1.  There is no support for the assertion that the prosecutor failed to produce evidence.  Second, Petitioner claims the trial judge allowed the prosecutor to present false evidence of prior convictions, but he does not state how these prior convictions were false.  In fact, the Fifth DCA noted that Petitioner admitted his prior convictions at trial.  Id.  Third, Petitioner offers no support for his argument that he was precluded from presenting exculpatory evidence.  The claim is conclusory and must be denied.  Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995) (Conclusory allegations of unconstitutionality are insufficient to state a cognizable claim).

C.      Ineffective Assistance of Appellate Counsel

Petitioner claims his appellate counsel was ineffective in filing a Wende brief and failing to raise any issues.

6

1    Effective assistance of counsel is guaranteed by the Due Process Clause of the Fourteenth

2    Amendment. Evitts v. Lucey, 469 U.S. 387, 391-405 (1985). Claims of ineffective assistance of

3    counsel are reviewed according to Strickland 's two-pronged test. Miller v. Keeney, 882 F.2d

4    1428, 1433 (9th Cir.1989); United States v. Birtle, 792 F.2d 846, 847 (9th Cir.1986).

5    To prevail, Petitioner must show two things. First, he must establish that counsel's

6    deficient performance fell below an objective standard of reasonableness under prevailing

7    professional norms. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Second, Petitioner

8    must establish that he suffered prejudice in that there was a reasonable probability that, but for

9    counsel's unprofessional errors, he would have prevailed on appeal. Id. at 694. A "reasonable

10   probability" is a probability sufficient to undermine confidence in the outcome of the trial. Id. The

11   relevant inquiry is not what counsel could have done; rather, it is whether the choices made by

12   counsel were reasonable. Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir.1998).

13   In this case, none of the issues raised by Petitioner are meritorious.  Therefore, appellate

14   counsel cannot be faulted for failing to raise them.  The claim must be rejected.

15       D.    Other Arguments

16   In his traverse, Petitioner contends that Respondent's answer was untimely filed; he is

17   mistaken.  On December 2, 2015, the Court issued the order directing Respondent to file a

18   responsive pleading within sixty days.  Pursuant to Fed. R. Civ. P. 6(a)(1), the responsive

19   pleading was due on February 1, 2016.  The answer was filed on February 1, 2016, and was

20   therefore timely.

21   **IV.   CERTIFICATE OF APPEALABILITY**

22   A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

23   district court's denial of his petition, and an appeal is only allowed in certain circumstances.

24   Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).   The controlling statute in determining

25   whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

26       (a)   In a habeas corpus proceeding or a proceeding under section 2255 before a
27       district judge, the final order shall be subject to review, on appeal, by the court of
         appeals for the circuit in which the proceeding is held.

28       (b)   There shall be no right of appeal from a final order in a proceeding to test

the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>
>   (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court **DECLINES** to issue a certificate of appealability.

**V.     ORDER**

For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1), is **DENIED** with prejudice;

2. The Clerk of the Court is **DIRECTED** to enter judgment and close the file; and

///

///

///

    3.  The Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

    Dated:   **September 27, 2016**                             **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE